**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**GREAT FALLS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>FEATHER LYNN STILLSMOKING,<br><br>Defendant. | **CR-22-70-GF-BMM**<br><br>**ORDER** |

Defendant FEATHER LYNN STILLSMOKING ("Stillsmoking") has moved for early termination of her current term of supervised release. (Doc. 59.) The Court conducted a hearing on Stillsmoking's motion on September 8, 2026. (Doc. 63.) The Government did not oppose Stillsmoking's motion (Doc. 62.) The Court now grants Stillsmoking's motion.

Stillsmoking pleaded guilty to involuntary manslaughter in violation of 18 U.S.C. §§ 1153(a) & 1112, and assault resulting in serious bodily injury, in violation of 18 U.S.C. §§ 1153(a) &113(a)(6) as charged in counts I and II of the Indictment in the matter. (Doc. 1 & Doc. 2.) The Court sentenced Stillsmoking to the custody of the Bureau of Prisons on May 23, 2023, for a term of 37 months with 2 years of supervised release to follow. (Doc. 48 & Doc. 49.) Stillsmoking began her term of supervision on December 3, 2024. Stillsmoking has completed approximately 85%

of her term of supervised release. Stillsmoking's period of supervision expires on December 2, 2026.

Federal law authorizes a defendant to move for termination of their supervised release after successfully completing one year if the Court is satisfied that such action remains "warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e). The Court must consider the factors in 18 U.S.C. § 3553(a) when evaluating whether to terminate a term of supervised release.

The Court finds that the factors in 18 U.S.C. § 3553(a) support an early termination of Stillsmoking's supervised release. Adequate punishment has been imposed that reflects the seriousness of Stillsmoking's offense. Stillsmoking served 37 months in prison. Stillsmoking has completed approximately 1 year and 9 months of her supervised release term. (Doc. 60 at 2.) Stillsmoking is scheduled to be discharged from supervised release on December 2, 2926. (*Id.*) Adequate deterrence also has been achieved. Stillsmoking's probation officer reports that Stillsmoking has maintained compliance with all Court ordered conditions. (*Id.*)

Stillsmoking has seen success since her release from prison. Stillsmoking has not had any non-compliance issues since beginning her supervision in December 2024. Stillsmoking has maintained two (2) full-time jobs while on supervision. Although there have not been any compliance issues, Stillsmoking has missed a restitution payments, has made them up, but is currently behind by two payments.

(*Id.*) Stillsmoking must still pay the required restitution amounts. The early termination of Stillsmoking's supervised release comports with the § 3553(a) factors and proves "warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e).

Accordingly, **IT IS HEREBY ORDERED** that Stillsmoking's Motion for Early Termination of Supervised Release (Doc. 59.) is **GRANTED**.

DATED this 8th day of September, 2026.

Brian Morris, Chief District Judge
United States District Court